IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHANNON CAUSION | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-06-1386 |
| WARDEN | : | |
| Defendant | : | |

...o0o...

MEMORANDUM

Now pending in this civil rights action is defendant's answer to this court's order to show cause, which has been construed as a motion for summary judgment. Plaintiff has filed an opposition to the motion. Paper No. 8. Upon its review of the papers filed, the court finds a hearing is unnecessary. *See* Local Rule 105.6. For the reasons that follow, the motion for summary judgment shall be granted.

*Background*

Plaintiff claims that, although he is housed on protective custody status at Western Correctional Institution (WCI), his life remains endangered by gang members seeking access to protective custody and by family members of the man he murdered. Paper No. 1. Plaintiff alleges that general population inmates are permitted to shout threats and offers to pay money to have a protective custody inmate killed on a regular basis. He further claims that threatening notes from other inmates have been delivered to him on his food trays, indicating that general population inmates have access to his food. Plaintiff submitted a sworn statement from other protective custody inmates verifying the general conditions on protective custody and adding that general population inmates have defecated on floors where protective custody inmates shower and have urinated in their

water cooler. In addition, it is alleged that two inmates, Jerome Lee and Anthony Lee, have made threats to kill plaintiff and that conversations inviting inmates to collect a fee for killing plaintiff have been overheard on several occasions.

In the response to show cause, defendant asserts that all of the brothers of plaintiff's victim have been released from Division of Correction (DOC) custody and that plaintiff has no enemies currently in custody. Paper No. 4 at Ex. 2, p.1; Ex. 3. The court notes, however, that an online search of the DOC's inmate locator site[*] indicates that as of September 29, 2006, an inmate named Jerome Lee is incarcerated at WCI , the same institution where plaintiff is located. Defendant concedes that plaintiff has requested an interstate transfer to a prison in North Carolina, but asserts that completion of the paperwork required for such a transfer is plaintiff's responsibility and he has not returned the completed paperwork. Paper No. 4 at Ex. 2, p. 1. Plaintiff counters that the DOC can bypass some of the necessary paperwork for an interstate transfer and should do so in this instance because his life is endangered.

*Standard of Review*

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of

---

[*] *See* www.dpscs.state.md.us/inmate/

showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of, and construe the facts in the light most favorable to, the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

*Analysis*

To prevail, plaintiff must establish that defendant exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339-40 (4th Cir. 1997).

This is the second time plaintiff has filed a civil rights action asserting that inadequate measures are being taken to protect his life. *See Causion v. Galley,* Civil Action No. AMD-06-333 (D. Md. 2006). Previously this court granted judgment in favor of defendants because they had appropriately responded when it was learned that a prison gang had a contract on his life. This court further noted that plaintiff's housing assignment minimized his exposure to general population inmates. In addition, the undersigned observed that "to the extent that plaintiff continues to be subjected to threats and harassment, he has not alleged a cognizable injury." It does not appear that plaintiff has now suffered a cognizable injury as a result of receiving continued threats from other inmates. In short, the circumstances in the instant case do not differ significantly from those raised in the earlier case. Accordingly, defendant is entitled to summary judgment. A separate order shall

be entered in accordance with this memorandum.

Filed: October 4, 2006                              _/s/_____
                                                    Andre M. Davis
                                                    United States District Judge